UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D&S WINDOW MANUFACTURING INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:03-CV-1825 JCH ) |
| BEHR PROCESS CORPORATION, | ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court pursuant to Defendant Behr Process Corporation's Motion for Summary Judgment filed with the Court on February 14, 2005 ("Motion for Summary Judgment") (Doc. 28) The matter is fully briefed and ready for decision.

## BACKGROUND

Plaintiff D&S Window Manufacturing, Inc. is a speciality wood-window manufacturing company that produces approximately 350-400 specialty wood windows per month. (Defendant Behr Process Corporation's Memorandum of Law in Support of its Motion for Summary Judgment ("Memo in Supp.") (Doc. 29), Exhibit E ("Defendant's Facts")). On March 21, 2003, an employee of Plaintiff, Jack Lambert, applied Defendant's "Natural Seal Plus-81" stain (the "Stain") to stain certain sample windows. (Defendant's Facts, ¶2); (Plaintiff D&S Manufacturing, Inc.'s Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Memo in Opp.") (Doc. 31), Section II ("Plaintiff's Facts"), ¶2). The Stain is an oil-based product, and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant is aware of situations in which oil-based stains have spontaneously combusted. (Id. at ¶4).

Mr. Lambert was the only D&S employee who handled the Stain. (Defendant's Facts, ¶6). Mr. Lambert only read the instructions of how to use the Stain and not the warnings on the label. (Id. at ¶7); (Plaintiff's Facts, ¶2). After he applied the Stain, Mr. Lambert used 8-10 rags to wipe the Stain off the sample windows and then put the rags on a piece of cardboard. (Defendant's Facts, ¶8); (Plaintiff's Facts, ¶3). At the end of the day, Mr. Lambert collected these rags and threw them in a cardboard trash container at the end of his workstation. (Defendant's Facts, ¶9). Mr. Lambert testified that he did not believe the rags were "soaked." (Plaintiff's Facts, ¶4). Although Mr. Lambert testified that he did not think that it was important to read "instructions" on products, he testified that he did read the directions on how to use the Stain prior to its use. (Defendant's Facts, ¶10). Before the incident, Jack Lambert had no knowledge of the danger of spontaneous combustion. (Plaintiff's Facts, ¶9).

In its First Amended Complaint, Plaintiff alleges a strict product liability failure to warn claim against Defendant under applicable Missouri law. (Defendant's Fact's, ¶11). The spontaneous combustion warning on the Stain read as follows:

> IMPORTANT! STORAGE AND DISPOSAL:
> DANGER! Rags, steel wool and waste soaked with this product may *spontaneously catch fire* if improperly discarded or stored. To avoid a spontaneous combustion fire, immediately after use, place rags, steel wool or waste in a sealed, water-filled metal container. Do not store unused product inside the home. For disposal guidance, contact your household collection refuse collection service, fire department, county or state government environmental control agency.

(Id. at ¶12) (the "Disposal Warning"). The Stain also contained several other warning labels. (Id. at ¶13).

Defendant's warning expert, Dr. Stephen Young, has opined that the spontaneous combustion warning on the Stain "clearly states the hazard (spontaneous combustion), a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

description of how to avoid the hazard (place rags, steel wool or waste in a sealed, water-filled, metal container), and the consequences for not avoiding the hazard (fire)." (Defendant's Facts, ¶15). Dr. Young also stated his opinion that the warning information provided by Behr on the subject was consistent with industry standards, although Plaintiff disputes this conclusion. (Id. at ¶16).

Mr. Lambert testified that even if he had read the Disposal Warning prior to the accident he would not have placed the rags he used in a sealed, water-filled, metal container because there was not one available. (Id. at ¶18). Stanley Trautman, Plaintiff's corporate representative, admitted that he was aware of hazards related to fire in a wood manufacturing facility. (Id. at ¶20). Mr. Trautman testified that he would normally not read the warnings on a product such as the Stain. (Id. at ¶21). Mr. Trautman testified that Plaintiff conducted required annual OSHA safety training related to fire hazards. (Id. at ¶25). He further testified that Plaintiff had rarely used stain in the past, and in recent years not at all. (Plaintiff's Facts, ¶8).

Defendant's expert, Dr. Russell Ogle, opines that Plaintiff's misuse of the product, including its failure to follow relevant OSHA and MFPA standards caused the fire at issue. (Defendant's Facts, ¶26). Behr consulted The National Paint and Coatings Association Labeling Guide ("NPCA Labeling Guide"), 5th Edition, in drafting the warnings contained on the label of the Stain. (Id. at ¶27). The NPCA Labeling Guide states that the Connecticut spontaneous combustion statute can be used for products distributed nationally. (Id. at ¶28).

Following Mr. Lambert's use of the Stain on March 22, 2003, a fire occurred at Plaintiff's property causing extensive fire damage. (Notice of Removal, Exh. A "Complaint," ¶4). Plaintiff sued Defendant alleging that the warning on the stain was inadequate.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

# SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

# DISCUSSION

Defendant argues that Plaintiff can establish no set of facts to support a prima facie case. Specifically, Defendant argues that (a) Plaintiff's claim fails for lack of adequate causation, (b) Defendant's warning was legally adequate, (c) Plaintiff was a "sophisticated user" and Defendant

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

has no duty to warn of dangers that are commonly known, and (d) Plaintiff's misuse of the product caused the fire at issue.

Missouri law holds that "a manufacturer and/or distributor can be held strictly liable if injury results from its failure to provide an adequate warning of danger inherent in the use of the product it sells." Grady v. American Optical Corp., 702 S.W.2d 911, 915 (Mo. Ct. App. 1986). The elements of a cause of action for strict liability-failure to warn are: (1) defendant sold the product in question in the course of defendant's business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) plaintiff was damaged as a direct result of the product being sold without an adequate warning. Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo.banc 1994), citing Nesselrode v. Executive Beechcraft, Inc., 707 S.W.2d 371, 382 (Mo. banc 1986). "The lack of an adequate warning in itself renders a product defective or unreasonably dangerous within the meaning of product liability law." Duke v. Gulf & Western Mfg. Co., 660 S.W.2d 404, 418 (Mo. Ct. App. 1983).

A. Proof of Causation.

Defendant first argues that Plaintiff's claim fails for lack of adequate causation. There are two separate requirements of causation in a failure to warn case: (1) the product for which there was no warning must have caused plaintiff's injuries, and (2) the plaintiff must show that a warning would have altered the behavior of those involved in the accident. Tune, 883 S.W.2d at 14; Arnold v. Ingersoll-Rand Co., 834 S.W.2d 192, 194 (Mo. banc 1992). Defendant argues that Plaintiff cannot establish the second prong in this case. Plaintiff argues that it is entitled to a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

presumption that it would have heeded a warning if it had adequate knowledge of the danger of spontaneous combustion.

Defendant argues that Plaintiff cannot prove that it would have altered its behavior in any way because Mr. Lambert, the only employee of Plaintiff to work with the Stain, testified that he would not have deposited his rags differently because he did not have a sealed, water-filled metal container in which to deposit his rags. Therefore, it argues, Plaintiff cannot prove causation and Defendant is entitled to summary judgment.[1]

Plaintiff contends that even if it would not have complied with the Disposal Warning, it has not failed to meet the second prong of the causation test. Plaintiff argues that the Disposal Warning is inapplicable to the current situation because the warning does not address rags which are not "soaked;" therefore, the Stain can is silent in terms of warning about the dangers of non-soaked rags and Defendant has failed in its obligation to warn Plaintiff.

Viewing the evidence in the light most favorable to Plaintiff, the Court must find that Defendant has not met its burden to prove that no factual issues remain as to causation. Plaintiff has come forth with evidence that the rags involved in the fire in this case were not "soaked" in the form of deposition testimony from Mr. Lambert, the person directly involved in use of the rags. (Memo in Opp., Exh.1 "Lambert Dep," pp. 34). Therefore, factual issues remain as to whether the Stain actually contained a warning covering the situation in this case. Under Missouri law, there is a presumption that a plaintiff would have heeded the warning if plaintiff knew of the danger. Arnold, 834 S.W.2d at 184; Cole v. Goodyear Tire & Rubber Co., 967

---

[1] Defendant also relies on the testimony of Mr. Trautman, who stated that he would not normally have read the label on the Stain. The Court does not find this testimony helpful to Defendant's summary judgment motion because Mr. Trautman did not work with the Stain during the incident in question or even see the product prior to the fire. Even considering this evidence, Defendant fails to meet its summary judgment burden.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

S.W.2d 176, 194 (Mo. Ct. App. 1998).[2]  "It is not enough to show plaintiff knew of the general dangers" associated with the Stain, "rather [Defendant] had to show plaintiff knew of this specific danger." <u>Cole</u>, 967 S.W.2d at 185.

In this case, at least a factual issue remains as to whether Plaintiff knew about the specific danger in disposing of the rags which it contends were not "soaked," and summary judgment is not appropriate.

    B.  <u>Adequacy of Warning under Missouri Law</u>.

Defendant next argues that its warning on the Stain was adequate as a matter of law. Defendant contends that the testimony of its expert that the label was sufficient is unrebutted. Plaintiff contends that the warning was not adequate because (1) it was inadequately placed and failed to impress the average user, and (2) it did not address the dangers of rags that had not been "soaked."

In determining the adequacy of a warning, the Court considers "the placement of the warning, its language and how it may or may not impress the average user." <u>Brown v. Bay State Abrasives</u>, 821 S.W.2d 531, 533 (Mo. Ct. App. 1991). In evaluating these factors, the dangerous nature of the product, the form in which it is used, the burden to be imposed by requiring warnings and the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product must also be considered. <u>Id.</u> A warning, no matter

---

[2] Defendant concedes that Missouri law allows this presumption in favor of plaintiffs generally, but contends that Plaintiff is not entitled to the presumption in this case because it applies only when the defendant has not rebutted that presumption. (Behr Process Corporation's Reply Brief in Further Support of its Motion for Summary Judgment ("Reply") (Doc. 32), pp. 6-8. The Court does not find Defendant's arguments persuasive, however, because they are premised on the fact that Plaintiff did not have a water-filled metal container in which to put the rags. As discussed above, the Court cannot say that as a matter of law the Disposal Warning applied to the fact situation in this case.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

how well stated or placed, is inadequate if it has no reasonable likelihood of reaching a foreseeable user and, thereby performing its intended function of risk reduction. Id. at 533-34.

Defendant argues that Plaintiff has presented no evidence to contradict its expert's testimony that the warning was legally adequate. Plaintiff counters that the fact that Mr. Lambert did not read the label is evidence that the placement of the warning and its language did not impress the average user. Expert testimony is not necessary to establish any of elements plaintiff is required to prove in products liability case; circumstances will suffice. Moslander v. Dayton Tire and Rubber Co., 628 S.W.2d 899 (Mo.App. E.D. 1981). Plaintiff further contends that the Stain did not contain a warning covering the factual situation in this case because the rags were not "soaked," and, therefore, the Court cannot find as a matter of law that the label was legally adequate.

The Court agrees with Plaintiff that factual issues remain as to the legal adequacy of the label, and therefore summary judgment on these grounds must be denied.

C. "Sophisticated User" and Danger commonly known.

Defendant next argues that it is entitled to summary judgment because Plaintiff was a sophisticated user, and that the danger of combustion was commonly known. The parties agree that the "sophisticated user" doctrine protects a distributor from strict liability under Missouri law for failure to warn when "the user of a product knows or reasonably may be expected to know of a particular danger." Donahue v. Phillips Petroleum Company, 866 F.2d 1008, 1012 (8th Cir. 1989).

Defendant contends that the evidence in this case shows that Plaintiff knew or reasonably should have been expected to know of the danger in this case. In particular, Plaintiff points to

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the testimony of (1) Mr. Trautman who testified that "any time you're dealing with wood products..there's always a potential of some kind of combustion maybe,.." (Memo in Supp., Exh. 6, p.33); and (2) Daniel Monia, president and co-owner of Plaintiff at the time, who testified that everyone knows that this type of thing can happen.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Defendant has failed to establish that Plaintiff knew or should have known of the particular danger in this case. "It is not enough to show plaintiff knew of the general dangers" associated with the Stain, "rather [Defendant] had to show plaintiff knew of this specific danger." Cole, 967 S.W.2d at 185. In this case, Plaintiff has presented evidence that even if it knew of the general dangers of fire, it did know of the particular of combustion in this case. For example, Mr. Monia testified that Plaintiff normally does not use stain or non-latex paints, and that while he has heard of the risks of spontaneous combustion, he never thought Plaintiff would have a problem with it in the capacity Plaintiff was using the Stain. (Memo in Opp., Exh. 5, pp.17-18). Mr. Trautman testified that Plaintiff did not use stain in its business, that paint was only 10 percent of their business, and that while he was aware of fire risks associated with working with wood he did not have any specific knowledge of, or experience with, spontaneous combustion. (Memo in Opp., Exh. 6, pp.23-24, 32-34). Mr Lambert, who is the only person who actually used the Stain, testified that he was not aware of the risks of spontaneous combustion. (Memo in Opp., Exh. 1, p. 16).

Given this, the Court cannot find as a matter of law that Plaintiff was a "sophisticated user" and aware of the particular danger of spontaneous combustion in this case. Therefore, Defendant's motion for summary judgment on these grounds must be denied.

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

D.  <u>Plaintiff's Misuse of the Product</u>.

Defendant's final contention is that it is entitled to summary judgment because its expert, Dr. Russell Ogle, was of the opinion that it was plaintiff's failure to follow OSHA safety training standards that caused the fire. Missouri law states that a defendant "may plead and prove the fault of the plaintiff as an affirmative defense. Any fault chargeable to the plaintiff shall diminish proportionately the amount awarded as compensatory damages but shall not bar recovery." V.A.M.S. 537.765. Given this, and the discussion above about Defendant's failure to prove as a matter of law that the Disposal Warning is applicable in this case, the Court must find that Defendant has failed to show that there are no factual issues as to whether Plaintiff's misuse of the product caused the injury and summary judgment must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Behr Process Corporation's Motion for Summary Judgment(Doc. 28) is hereby **DENIED**.

Dated this <u>24th</u> Day of May, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com